*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *JULIA CLOUGH,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:12-cv-54-DBH* |
| | ) | |
| *ED PRESNALL and PAWMARK, LLC,* | ) | |
| | ) | |
| *Defendants* | ) | |

### *MEMORANDUM DECISION ON MOTION FOR EX PARTE ATTACHMENT*

The plaintiff has submitted a two-page *ex parte* motion and incorporated memorandum

for approval of attachment "on assets owned by the Defendants, in the amount of $250,000.00."

Ex Parte Motion for Attachment Pursuant to F. R. Civ. P. 64 & M. R. Civ. P. 4A ("Motion")

(Docket No. 4) at 1.  For the reasons that follow, I deny the motion.

### I.  Applicable Legal Standard

Maine law, which is applicable to motions for pre-judgment attachment in this court, Fed.

R. Civ. P. 64; Local Rule 64; *Ali, Inc. v. Fishman*, 855 F. Supp. 440, 442 (D. Me. 1994),

provides that, in order for this court to grant an *ex parte* attachment,

> the Court must find that *it is more likely than not* that Plaintiff will
> recover an amount greater than any insurance, bond, or other security
> known to exist *AND either* that: (a) *there is a clear danger* that the
> Defendant, if notified in advance of the attachment, will remove or
> conceal the property *or* (b) there is *immediate danger* that Defendant will
> damage/destroy the property to be attached.

*Carlson v. Rice*, 817 F. Supp. 193, 194 (D. Me. 1993) (emphasis in original).

## II. Factual Background

The plaintiff presents the following evidence by affidavit.

On November 14, 2008, she made an investment of $250,000.00 in Pawmark, LLC, in return for the defendants' promise to give her stock representing a 20% ownership interest in Pawmark and payment of interest on the investment of 7% per annum. Affidavit of Julia Clough (Docket No. 4-1) ¶¶ 2-3. The defendants signed a promissory note that memorialized these terms. *Id*. ¶ 4. The plaintiff has received from the defendants since November 14, 2008 a total of $18,500.00. *Id*. ¶ 5. The defendants have made no effort to comply with the terms of the note despite the plaintiff's "countless" demands. *Id*. ¶ 6.

Pawmark is now located in and operating out of Texas. *Id*. ¶ 7. In the past three years, it has operated in Wisconsin, New Mexico, and Texas. *Id*. ¶ 8. In the past, when Presnall has faced financial trouble, he has moved to a different state. *Id*. ¶ 9. The plaintiff has heard that Presnall will be getting married soon; this may be a tactic to hide and/or conceal his assets. *Id*. ¶ 10. The plaintiff is concerned that Presnall will take steps to conceal his assets and/or move to another state, if he receives notice of this lawsuit. *Id.* ¶ 11.

The plaintiff's attorney has no knowledge of any insurance, bond, other security, or other attachment and trustee process available to satisfy any judgment against the defendants in this action. Affidavit of Attorney Matthew W. Howell (Docket No. 4-2) ¶ [2].

## III. Discussion

The plaintiff has not established that she is entitled to an *ex parte* order of attachment, because she has not provided evidence that would allow drawing a reasonable conclusion either that there is a clear danger that the defendants, if notified in advance of this motion, would remove or conceal property that would otherwise be available for attachment or that there is an

immediate danger that the defendants would destroy or damage property that would otherwise be available for attachment.

It is not immediately apparent to the court how getting married will itself allow Presnall to hide or conceal his assets. If anything, giving Presnall notice of this claim at this time would be likely to render any subsequent transfer of assets fraudulent and therefore reversible. Nor, given the fact that, from what little appears in the record, Presnall and the corporate defendant are currently resident in Texas, does it appear how their departure from Texas would necessarily make it more difficult for a plaintiff in Maine to attach their property with a writ issued by the federal court in the District of Maine. From all that appears, the plaintiff was aware when she provided the money at issue to the defendants that they were not resident in Maine.[1]

Indeed, this court has previously held that the fact that two individual defendants had previously "stripped" a corporation of its assets is not sufficient to meet the Maine standard for an *ex parte* attachment. *Rockport Whale Watch, Inc. v. Hawley*, No. 07-148-P-H, 2007 WL 4531714, at *2 (D. Me. Dec. 18, 2007). In addition, a plaintiff-affiant's personal belief that the defendants will act to make otherwise attachable assets unavailable, without more, is insufficient to meet the "clear danger" prong of the *ex parte* rule. *Carlson*, 817 F. Supp. at 194-95.

## IV. Conclusion

For the foregoing reasons, and on the showing made, the plaintiff's *ex parte* motion for attachment is **DENIED**.

---

[1] The plaintiff provides no basis for her asserted knowledge that Presnall "has moved to a different state" "[w]hen [he] has faced financial trouble in the past." Affidavit of Julia Clough ¶ 9. More relevant information is provided in the complaint (Docket No. 1), but the complaint is not verified. *See Official Post Confirmation Comm. of Creditors Holding Unsecured Claims v. Markheim*, 2005 ME 81, ¶ 18, 877 A.2d 155, 160 (information supporting motion for attachment must be in affidavits).

Dated this 13th day of February, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge